PER CURIAM.
We consider the third motions of appellant for extension of time in which to perfect these appeals. The motions recite that the court reporter “has advised the defendant that he had been unable to complete the transcript due to his heavy workload and it will be at least a month before he has said transcript completed.”
We have long experienced that in criminal appeals there is a pattern which indicates that many court reporters undoubtedly make it a practice to attend to the business of making up the transcript only when other pending work is out of the way. It is generally conceded, however, that criminal' appeals should be dispatched with all due convenience and ordinarily given precedence over civil appeals. This concept applies to those things necessary to be done at the trial level in perfecting the appeal as well as to the handling of it in the appellate courts. Appellate courts are often castigated because of what appears to be inordinate delay in rendering their decisions in criminal appeals, when in fact the delay is occasioned by circumstances such as involved in this case.
It is the duty of the official court reporters to make up the transcript in criminal appeals in the strict order that directions are given for same along with other official business which they are required to dispatch. It would be a simple matter to keep a ledger of such business in order that a proper showing of compliance may be made when necessary. This subject is one to which the Legislature, of course, might well address its attention.
In view of the extensions heretofore granted in these causes and inasmuch as the motions under consideration are based on communications between the court reporter and the appellant, rather than with counsel for appellant, to whom we look for adherence to the rules of practice, the motions are insufficient and are therefore denied, without prejudice, however, to the appellant to file, within ten (10) days from the date hereof, further motions in the premises, accompanying the same by an affidavit of the court reporter involved, reflecting thereby whether he has dispatched the work of making up the transcript in this cause in the order of the official business committed to him for dispatch, and if not, stating the reason such has not been done; and in the latter event stating with particularity the official matters now committed to him and which, according to his understanding, require that his services thereon be completed in advance of making up the transcript on these appeals; further, that in the event such new motions are filed, the same shall set forth with particularity any facts supplemental to those contained in the contemplated affidavit of the 'court reporter as the appellant may be advised to be in support of such new motions. In the event appellant should be unable to procure such affidavit of the court reporter, he may renew such said *714 motions, and shall therein, state the particulars of such refusal and furnish-this court with the name of such reporter in order that this court may take such further action as the circumstances require.
It''is so ordered.
STURGIS, C. J,, and WIGGINTON, CARROLL, DONALD K., and RAWLS, JJ-, concur.